

**KENTUCKY COURT OF JUSTICE**

19-CI-00184

# WITHERS, ANNTONIA VS. UNITED OF OMAHA LIFE INSURANCE COMPANY

**RUSSELL CIRCUIT COURT**
Filed on **07/30/2019** as **CONTRACT** with **HON. VERNON MINIARD, JR.**

**** NOT AN OFFICIAL COURT RECORD ****

## Parties — 19-CI-00184

**UNITED OF OMAHA LIFE INSURANCE COMPANY** as **DEFENDANT / RESPONDENT**

### Address
GENERAL COUNSEL
3300 MUTUAL OF OMAHA PLAZA
OMAHA NE 68175

### Summons
**CIVIL SUMMONS** Issued on **07/30/2019** by way of **LONG ARM STATUTE - SOS**
SEC. OF STATE REC--8/9/19

**WITHERS, ANNTONIA** as **PLAINTIFF / PETITIONER**
**THORNSBURY, ELIZABETH ANN** as **ATTORNEY FOR PLAINTIFF**

### Address
MEHR, FAIRBANKS & PETERSON
201 W SHORT ST, SUITE 800
LEXINGTON KY 40507

## Documents — 19-CI-00184

**COMPLAINT / PETITION** filed on **07/30/2019**

## Images — 19-CI-00184

**COMPLAINT / PETITION** filed on **07/30/2019** Page(s): 7

**SUMMONS** filed on **07/30/2019** Page(s): 1

**COURTESY FINANCIAL TRANSACTION REPORT** filed on **07/30/2019** Page(s): 1

**** End of Case Number : 19-CI-00184 ****

Exhibit "A"

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>08/26/2019 04:27:51 PM<br>Case #: **19-CI-00184**<br>43025-4<br>Court:   **CIRCUIT**<br>County: **RUSSELL** |

*Plantiff,* **WITHERS, ANNTONIA VS. UNITED OF OMAHA LIFE INSURANCE COMPANY,** *Defendant*

TO:   **UNITED OF OMAHA LIFE INSURANCE COMPANY**
     **GENERAL COUNSEL**
     **3300 MUTUAL OF OMAHA PLAZA**
     **OMAHA, NE 68175**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                          /s/ Tony Kerr, Russell Circuit Clerk
                          Date: **7/30/2019**

Presiding Judge: HON. VERNON MINIARD, JR. (657215)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____            _____
                                                            Served By
                                                            _____
                                                            Title

CI : 000001 of 000001

Summons ID: @00000066770
CIRCUIT: 19-CI-00184 Long Arm Statute – Secretary of State
WITHERS, ANNTONIA VS. UNITED OF OMAHA LIFE INSURANCE COMPANY



Page 1 of 1

eFiled

Filed           19-CI-00184     07/30/2019          Tony Kerr, Russell Circuit Clerk

NOT ORIGINAL DOCUMENT
08/18/2019 08:19:23 AM
43025-4

COMMONWEALTH OF KENTUCKY
RUSSELL CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

ANNTONIA WITHERS                                                     PLAINTIFF

vs.                    **COMPLAINT AND JURY DEMAND**

UNITED OF OMAHA LIFE INSURANCE COMPANY                               DEFENDANT

    **To be served through Kentucky Secretary of State:**
    General Counsel
    United of Omaha Life Insurance Co.
    3300 Mutual of Omaha Plaza
    Omaha, Nebraska 68175

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Anntonia Withers, and for her Complaint and Jury Demand against Defendant United of Omaha Life Insurance Company ("United of Omaha"), states as follows:

1. Plaintiff Anntonia Withers is a citizen and resident of Russell County, Kentucky.

2. Defendant United of Omaha is an insurance company domiciled in the state of Nebraska, where it is a citizen and resident, with a statutory home office located at Mutual of Omaha Plaza, Omaha, NE 68175.

3. United of Omaha is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. United of Omaha's service of process agent is General Counsel, 3300 Mutual of Omaha Plaza, Omaha, Nebraska 68175, and United of Omaha may be served through the Kentucky Secretary of State upon said service of process agent.

Presiding Judge: HON. VERNON MINIARD, JR. (657215)

COM : 000001 of 000007

Filed          19-CI-00184    07/30/2019          Tony Kerr, Russell Circuit Clerk

NOT ORIGINAL DOCUMENT
08/18/2019 08:19:23 AM
43025-4

5. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Russell County, Kentucky.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of The Adanta Group ("Adanta") employed as a Director of Supported Employment Program at The Adanta Group Behavioral Health Services. Plaintiff was an employee of Adanta since approximately February 6, 2006.

7. Adanta established and provided a short-term disability plan ("STD Plan") to its employees, which includes Plaintiff.

8. Plaintiff was covered and eligible under the STD Plan.

9. The STD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

10. The short-term disability policy defines disability and entitles Plaintiff to receive short-term disability ("STD") benefits if Plaintiff meets the following definition:

> *Disability* and *Disabled* mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred, as a result of which:
> a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Job (on a part-time or full-time basis); and
> b) after the Elimination Period, You are:
>   1. prevented from performing at least one of the Material Duties of Your Regular Job (on a part-time or full-time basis); and
>   2. unable to generate Current Earnings which exceed 99% of Your Basic Weekly Earnings due to that same Injury or Sickness.
>
> Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.

11. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the short-term disability policy.

Presiding Judge: HON. VERNON MINIARD, JR. (657215)

COM : 000002 of 000007

12. Plaintiff, while working for Adanta, became disabled under the terms of the short-term disability policy, which disability arose after the Effective Date of the short-term disability policy, and she was unable to return to work at Adanta on or about January 4, 2018, and remains disabled under the terms of the short-term disability policy.

13. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the short-term disability policy. Plaintiff's disability claim number is believed to be 180990013601 and the policy number is believed to be GUC-0B5CH.

14. Plaintiff's claim was approved for a period time before future STD benefits were denied.

15. By letter dated August 7, 2018, Defendant denied Plaintiff's claim for short-term disability benefits under the policy beyond May 7, 2018.

16. Plaintiff timely and properly appealed the denial of her short-term disability benefits, in the manner set forth in the applicable policy.

17. By letter dated September 24, 2018, Defendant upheld the denial of Plaintiff's claim for short-term disability benefits.

18. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

19. Plaintiff is entitled to payment of STD benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy.

20. Plaintiff is entitled to STD benefits under the terms of the short-term disability policy and Defendant should be required to perform under the contract and pay STD benefits to Plaintiff.

21. The denial of Plaintiff's claim for STD benefits is a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

Filed          19-CI-00184     07/30/2019         Tony Kerr, Russell Circuit Clerk  NOT ORIGINAL DOCUMENT
                                                                                  08/18/2019 08:19:23 AM
                                                                                  43025-4

22. The decision of Defendant to deny contractual benefits under the short-term disability policy constitutes a breach of fiduciary duties, an abuse of discretion, and was arbitrary and capricious, and contrary to the overwhelming evidence supplied to United of Omaha in the medical evidence and other information supplied by Plaintiff, which entitles Plaintiff to contractual benefits, interest, and attorney's fees.

23. The short-term disability policy and coverage discussed herein does not meet the qualifications of a plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

24. In the alternative to allegation number 23 above, if the short-term disability policy does meet the qualifications for ERISA, then the decisions made by Defendant to deny Plaintiff's claim were arbitrary and capricious, against the overwhelming evidence provided to Defendant, and a breach of fiduciary duty, which entitles Plaintiff to contractual benefits, interest, and attorney's fees under ERISA 29 U.S.C. 1132(a) and 29 U.S.C. 1132(g).

25. Defendant should be enjoined from stopping payments under the contract.

26. Plaintiff also had, at all times relevant to the claims asserted herein, long-term disability insurance coverage with Defendant through her employment with Adanta.

27. Plaintiff was covered and eligible under the long-term disability Plan ("LTD Plan").

28. The LTD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

29. The long-term disability policy defines disability and entitles Plaintiff to receive long-term disability ("LTD") benefits, if Plaintiff meets the following definition:

> *Disability* and *Disabled* mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:

Presiding Judge: HON. VERNON MINIARD, JR. (657215)

COM : 000004 of 000007

Filed          19-CI-00184     07/30/2019         Tony Kerr, Russell Circuit Clerk

Filed          19-CI-00184    07/30/2019        Tony Kerr, Russell Circuit Clerk    NOT ORIGINAL DOCUMENT
                                                                                      08/18/2019 08:19:23 AM
                                                                                      43025-4

    a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
    b) after the Elimination Period, You are:
        1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
        2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.

After a Monthly Benefit has been paid for 2 years, *Disability* and *Disabled* mean You are unable to perform all of the Material Duties of any Gainful Occupation.

30. Defendant has a responsibility for payment of any LTD benefits due according to the terms and conditions of the long-term disability policy.

31. Plaintiff, while working for Adanta, became disabled under the terms of the long-term disability policy, which disability arose after the Effective Date of the short-term disability policy, and she was unable to return to work at Adanta on or about January 4, 2018, and remains disabled under the terms of the long-term disability policy.

32. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the long-term disability policy. Plaintiff's disability claim number is believed to be 180990013602 and the policy number is believed to be GLTD-0B5CH.

33. By letter dated August 28, 2018, Defendant denied Plaintiff's claim for LTD benefits under the policy.

34. On or about February 21, 2019, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable policy.

35. By letter dated May 17, 2019, Defendant upheld the denial of Plaintiff's claim for LTD benefits.

Presiding Judge: HON. VERNON MINIARD, JR. (657215)

COM : 000005 of 000007

Filed          19-CI-00184    07/30/2019        5       Tony Kerr, Russell Circuit Clerk

36. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

37. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy.

38. Plaintiff is entitled to LTD benefits under the terms of the long-term disability policy and Defendant should be required to perform under the contract and pay LTD benefits to Plaintiff.

39. The denial of Plaintiff's claim for LTD benefits is a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

40. The decision of Defendant to deny contractual benefits under the long-term disability policy constitutes a breach of fiduciary duties, an abuse of discretion, and was arbitrary and capricious, and contrary to the overwhelming evidence supplied to United of Omaha in the medical evidence and other information supplied by Plaintiff, which entitles Plaintiff to contractual benefits, interest, and attorney's fees.

41. The long-term disability policy and coverage discussed herein does not meet the qualifications of a plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

42. In the alternative to allegation number 41 above, if the long-term disability policy does meet the qualifications for ERISA, then the decisions made by Defendant to deny Plaintiff's claim were arbitrary and capricious, against the overwhelming evidence provided to Defendant, and a breach of fiduciary duty, which entitles Plaintiff to contractual benefits, interest, and attorney's fees under ERISA 29 U.S.C. 1132(a) and 29 U.S.C. 1132(g).

43. Defendant should be enjoined from stopping payments under the contract.

Filed          19-CI-00184   07/30/2019        Tony Kerr, Russell Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                    08/18/2019 08:19:23 AM
                                                                    43025-4

44. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Anntonia Withers demands the following relief:

1. Judgment against Defendant for full contractual benefits, attorney's fees, prejudgment and post-judgment interest;

2. Trial by jury; and

3. Any and all other relief to which Plaintiff appears to be entitled.

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
ERIK D. PETERSON
Email: edp@austinmehr.com
**Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Presiding Judge: HON. VERNON MINIARD, JR. (657215)

COM : 000007 of 000007